UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ROBERT SOFIA,

                              Plaintiff,                      Index No. 07 Civ. 8298

           - against -                                        COMPLAINT

LOCAL 1-2, UTILITY WORKERS UNION OF
AMERICA and CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC.,

                              Defendants.

------------------------------------------------------------------ X

Plaintiff, as and for his Complaint against defendants, by his undersigned attorneys, alleges as follows:

## INTRODUCTION

1.     This action is brought to address the discharge of plaintiff from his position with Con Edison, which, he alleges, resulted from a breach of the duty of fair representation by his union and a breach of his union's collective bargaining agreement by his employer.

## JURISDICTION

2.     This Court's jurisdiction is invoked pursuant to 29 USC §185 and 28 USC §1331.

## PARTIES

3.     Plaintiff Robert Sofia was, at all relevant times, an employee of defendant Consolidated Edison Co. of New York ("Con Edison") and resides at 997 Howard Court, New Milford, NJ 07646.

4. Defendant Local 1-2, Utility Workers Union of America ("Local 1-2") is a local labor organization which represents the employees of several utility industry related employers, the largest unit of which are the employees of Con Edison. Local 1-2's principal office is located at 5 West 37th Street, New York, NY 10018.

5. Defendant Con Edison is a public utility which provides natural gas, electric, and steam to commercial and residential customers throughout New York City and Westchester County.

## FACTS RELEVANT TO ALL CLAIMS

6. Plaintiff became employed by Con Edison in 1985 and was promoted, over the years, from the position of General Utility Worker up to the position in 2002, of Commercial Service Representative ("CSR"). The job of CSR involves doing electrical inspections of commercial properties, generally involving new or repair work prior to the installation or resumption of services.

7. Between 2002 and 2006, plaintiff performed satisfactory work as a CSR and earned all available progression and merit increases available to CSRs.

8. In around March 2006, an anonymous complaint was received by Con Edison alleging that plaintiff had taken an improper cash gratuity from Winkler Electric. As a result, Con Edison set up a "sting" operation in an effort to catch plaintiff taking such a gratuity. On June 6, 2000, plaintiff met with an individual he assumed was an electrician to discuss the installation of new electric service. The individual handed plaintiff an envelope which contained

$300 at the end of their conversation, which plaintiff accepted but did not open. He did, later, open the envelope and keep the money. Plaintiff did nothing on behalf of the phony contractor.

9.   At various times after the "sting," plaintiff was questioned by Con Edison security. Prior to each interview, various representatives of Local 1-2, including a shop steward, a business agent (who had a hostile relationship with plaintiff), and a senior business agent, advised plaintiff to admit nothing. Plaintiff followed his union's advice and did not admit taking a gratuity. Soon thereafter, plaintiff was discharged for improperly taking a gratuity.

10.   On or about January 19 and February 21, 2007, plaintiff, who had appealed his discharge, attended a hearing before a neutral arbitrator who was selected pursuant to the Con Edison - Local 1-2 collective bargaining agreement. Throughout the hearing, plaintiff, consistent with the advice given him at all times by Local 1-2 and its agents, denied accepting the $300.

11.   After the conclusion of the hearing, on March 23, 2007, the arbitrator issued an award finding that certain evidence produced by Con Edison confirmed that plaintiff had accepted the gratuity and he denied plaintiff's appeal. The arbitrator made it clear that if plaintiff had admitted accepting the gratuity or had subsequently corrected the record and fully cooperated with the investigation he would not have been fired.

12.   In fact, Con Edison has a long-standing labor relations policy of considering an employee's admission of wrongdoing to be a mitigating factor when it assesses disciplinary penalties, and has made that policy known to Local 1-2, during the course of many disciplinary matters, including arbitrations attended by officers of Local 1-2. It is likely that if plaintiff had

admitted taking the $300 Con Edison would not have terminated his employment, and would have, instead, imposed a lesser penalty. Local 1-2's failure to advise plaintiff of this policy was the result either of its hostility towards plaintiff, or a perfunctory approach to the handling of Con Edison's investigation of plaintiff and its handling of plaintiff's appeal.

    13.    Plaintiff incorporates by reference each and every allegation set forth above in the Causes of Action set forth below.

AS AND FOR A FIRST
CAUSE OF ACTION

14. By advising plaintiff, as a result of its bad faith, or a perfunctory approach to the representation of plaintiff, to not admit his wrongdoing and to maintain that position throughout the employer's investigation and the grievance process, Local 1-2, which owes a duty of fair representation to plaintiff and all of those it represents, breached that duty of fair representation.

AS AND FOR A SECOND
CAUSE OF ACTION

15. By terminating plaintiff, defendant Con Edison breached its collective bargaining agreement with Local 1-2, which provides in relevant part that discipline and discharge may only take place for just cause; plaintiff's discharge was not for just cause.

DAMAGES

16. As a direct and proximate result of defendants' aforedescribed actions, plaintiff has suffered:

    a.    a loss of wages and attendant benefits,

    b.    humiliation and public embarrassment, and

    c.    severe emotional distress, arising out of the loss of his job and the

difficulty which that poses with respect to his need to support his family, in the amount of $1 million.

PRAYER OF RELIEF

WHEREFORE, plaintiff prays that this Court enter judgment:

1. Awarding plaintiff reinstatement to his position at Con Edison.

2. Awarding plaintiff back pay and reimbursement of expenses incurred as a result of his loss of benefits.

3. Awarding plaintiff emotional distress damages against defendants, jointly and severally, in the amount of $1 million.

JURY DEMAND

Plaintiff demands a jury on each cause of action set forth hereinabove.

Dated: New York, New York
       September 21, 2007

                                        SCHWARTZ, LICHTEN & BRIGHT, P.C.
                                        Attorneys for Plaintiff

                                        By: _____
                                            Arthur Z. Schwartz (AZS 2683)
                                            275 Seventh Avenue, 17th Floor
                                            New York, New York 10001
                                            (212) 228-6320
                                            districtleader@msn.com