UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ROBERT SOFIA,

                    Plaintiff,              Civil Action No.
                                          07-Civ-8298 (JGK)(JCF)

    v.

LOCAL 1-2, UTILITY WORKERS UNION OF      ANSWER OF DEFENDANT
AMERICA and CONSOLIDATED EDISON          CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC.                     COMPANY OF NEW
                                                            YORK, INC.

                    Defendants.
------------------------------------x

       Defendant Consolidated Edison Company of New York, Inc. ("Con Edison" or "Defendant"), by its attorney, Mary Schuette, hereby answers Plaintiff's Complaint as follows:

       1.      To the extent that Paragraph 1 of Plaintiff's Complaint describes the nature of the action, no answer is necessary, but, to the extent that an answer may be necessary, Con Edison denies the allegations.

       2.      Defendant Con Edison admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

       3.      Defendant Con Edison lacks sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 3 of Plaintiff's Complaint, except that Defendant Con Edison admits that Plaintiff was, until his termination, an employee of Con Edison.

       4.      Upon information and belief Defendant Con Edison admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant Con Edison admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant Con Edison denies the allegations contained in Paragraph 6 of Plaintiff's Complaint, except that it admits that company records show that Plaintiff was hired by Con Edison in 1985, and that, among other things, a Commercial Service Representative does electrical inspections of commercial properties.

7. Defendant Con Edison admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant Con Edison denies the allegations contained in Paragraph 8 of Plaintiff's Complaint, except that Defendant Con Edison admits that it received an anonymous report that Plaintiff accepted cash gratuities from Winkler Electric, that Con Edison arranged an "integrity test", and that in June 2006 Plaintiff accepted an envelope which contained $300 from a representative of Con Edison's Security Department posing as an electrical contractor, and Defendant Con Edison lacks sufficient knowledge or information to form a belief as to the accuracy of the allegation concerning Plaintiff's assumptions about the person from whom he accepted the envelope containing $300 in cash.

9. Defendant Con Edison admits that Plaintiff was interviewed by employees of Con Edison's Security Department concerning the "integrity test", and lacks sufficient knowledge or information to form a belief as to the accuracy of the remaining allegations in that Paragraph 9 of Plaintiff's Complaint.

10. Defendant Con Edison admits the allegations contained in Paragraph 10 of Plaintiff's Complaint, except that Defendant Con Edison lacks sufficient knowledge or

information to form a belief as to the accuracy of the allegation concerning any advice given to Plaintiff by Defendant Local 1-2 or its representatives.

11. Defendant Con Edison admits the allegations contained in the first sentence of Paragraph 11 of Plaintiff's Complaint, and respectfully refers the Court to the Arbitrator's Award for its content and meaning.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant Con Edison incorporates by reference its responses to Paragraphs 1-12 of Plaintiff's Complaint in response to Paragraph 13, as if fully set forth herein.

14. Defendant Con Edison denies the allegations contained in Paragraph 14 of Plaintiff's Complaint, except that Defendant Con Edison admits that Local 1-2 owed a duty of fair representation to Plaintiff.

15. Defendant Con Edison denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Con Edison denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. By the terms of the collective bargaining agreement between Con Edison and Defendant Local 1-2, Plaintiff's exclusive remedy for any alleged breach of that collective bargaining agreement is the grievance/arbitration procedure set forth in that agreement.

20. Pursuant to that grievance/arbitration procedure, the decision of the Arbitrator finding that there was just cause to discharge Plaintiff is final and binding.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. On information and belief, Plaintiff has failed to mitigate his damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. To the extent that that Complaint alleges that Plaintiff suffered an injury or illness that arose out of, or in the course of, his employment and/or was caused by acts of one or more fellow servants in the employ of Defendant Con Edison, the action is barred by the applicable provisions of the New York State Workers' Compensation Law which provide that the Workers' Compensation Law is the exclusive remedy, and the Workers' Compensation Board is the exclusive forum, for any such injury or illness claims.

24. WHEREFOR, Defendant Consolidated Edison Company of New York, Inc., prays this Court enter judgment dismissing Plaintiff's Complaint, and awarding

Defendant Con Edison such other and further relief as to the Court seems just and proper.

Dated: November 21, 2007
New York, New York

                                              MARY SCHUETTE

By: _____
                              Richard A. Levin (RL 7064)
Attorney for Defendant
Consolidated Edison Company of New York, Inc.
4 Irving Place, Room 1815-S
New York, NY 10003
(212) 460-4089
levinr@coned.com

Of Counsel:

Jean Marie Schieler
Consolidated Edison Company of New York, Inc.
4 Irving Place, Room 1815-S
New York, NY 10003
(212) 460-2629
schielerj@coned.com

TO: ARTHUR Z. SCHWARTZ, ESQ.
Schwartz, Lichten & Bright, P.C.
Attorneys for Plaintiff
275 Seventh Ave., 17th Floor
New York, NY 10001
(212) 288-6320

RICHARD C. DORN, ESQ.
Levy Ratner & Behroozi
Attorneys for Defendant Local 1-2, Utility Workers
      Union of America
80 Eighth Ave.
New York, NY 10011
(212) 627-8100