UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT SOFIA,

          Plaintiff,

   -against-

LOCAL 1-2 UTILITY WORKERS UNION OF
AMERICA & CONSOLIDATED EDISON CO. OF
NEW YORK

          Defendants.
----------------------------------------------------------------X

**ANSWER**

Case No. 07 Civ 8298
(JGK)

**ECF CASE**

   Local 1-2 Utility Workers Union of America ("Local 1-2" or "Union") for its answer to the Complaint alleges as follows:

   1. Denies the allegations of paragraph 1 of the Complaint that the Union breached its duty of fair representation ("DFR") and consolidated Edison Company of New York, Inc. ("Con Edison") breached the collective bargaining agreement ("CBA") between the Union and Con Edison by discharging the plaintiff.

   2. Admits the allegation of paragraph 2 of the Complaint.

   3. Admits that Plaintiff Robert Sofia ("Sofia") was an employee of Con Edison until he was discharged for cause. Denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 3 of the Complaint.

   4. Admits the allegations of paragraph 4 of the Complaint.

   5. Admits the allegations of paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 6 of the Complaint except admits that Sofia was a Commercial Service Representative ("CSR") at the time of his termination.

7. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint except admits that Con Edison set in place a plan to determine if Sofia was accepting a cash gratuity in violation of its policies, and that Sofia did accept and keep such a cash gratuity in violation of a Con Edison policy of which Sofia was aware.

9. Denies the allegations of paragraph 9 of the Complaint except admits that Sofia was questioned by Con Edison security about the facts relating to the incident described in paragraph 8.

10. Admits the allegation of paragraph 10 of the Complaint that hearings were held before an impartial arbitrator selected pursuant to the Local 1-2 and Con Edison CBA.  Denies the allegation of paragraph 10 of the Complaint that Sofia was advised by Local 1-2 and its agents to deny accepting the money.

11. Admits that an impartial arbitrator on or about March 23, 2007 issued an opinion and award upholding the discharge of Sofia; denies the remaining allegations of paragraph 11 of the Complaint.

12. Denies the allegations of paragraph 12 of the Complaint.

13. Denies the allegations of paragraphs 14, 15 and 16 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred because of his unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to recover any damages as any loss he suffered is due to his own wrongdoing. He never admitted to either Local 1-2, its agents and officers that he had accepted a gratuity, and lied under oath at the arbitration hearing that he had not taken the money. Local 1-2 and its agents and officers advised him whenever they met to tell the truth.

18. Wherefore Defendant Local 1-2 respectfully requests that this court dismiss the Complaint with prejudice and grant it costs, fees and such other and further relief that it deems just and proper.

Dated: November 21, 2007
      New York, New York

LEVY RATNER, P.C.

By:   /s/ Richard Dorn
     Richard Dorn (RD1076)
     Attorneys for Defendant
     Local 1-2
     80 Eighth Avenue
     New York, New York 10011
     (212) 627-8100
     (212) 627-8182 (fax)